UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL WILLIAM HART,
#68350

    Plaintiff,

vs.

DR. ROBERT BANNISTER, *et al.*,

    Defendants.

3:10-cv-00761-RCJ-RAM

**SCREENING ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff has also filed a motion for preliminary injunction (docket #3). Plaintiff's application to proceed *in forma pauperis* is granted (docket #1). The court now reviews the complaint.

**I. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or

where the factual contentions are clearly baseless. *Id.* at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

1  To sustain an action under section 1983, a plaintiff must show (1) that the conduct
2  complained of was committed by a person acting under color of state law; and (2) that the conduct
3  deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689
4  (9th Cir. 2006).

**II. Instant Complaint**

Plaintiff, who is currently incarcerated at Northern Nevada Correctional Center ("NNCC") has sued Nevada Department of Corrections ("NDOC") Medical Director Dr. Robert Bannister, NNCC Director of Nursing Jonathan Peery, NNCC Head Nurse John Keast, Dr. Mar, and Janet Lamb, head nurse for the Medical Intensive Care Unit of the Regional Medical Facility at NNCC. Plaintiff alleges violations of his Eighth Amendment rights.

Plaintiff alleges the following: in January 2010, Dr. Karen Gedney informed him that he has severe degenerative joint disease in both hips and referred him to a specialist, who in February 2010, informed him that the only real solution to his pain is hip replacement surgery. Defendants Bannister, Peery, and Keast, as part of the Utilization Review Panel, denied the request for surgery due to cost. Dr. Mar gave him a wheelchair, but refuses to give him pain medication during the day. Defendant Lamb, with full knowledge of plaintiff's condition and pain, forces him to walk by threatening to take away the wheelchair and nighttime pain medication–the only pain medication plaintiff currently receives.

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A detainee or prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Id.* at 106. The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails

3

1. more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. *Farmer*, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id.*

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), citing *Estelle*, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin v. Smith*, 974 F.2d 1050, 1050 (9th Cir. 1992) (*overruled on other grounds*), *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Delay of, or interference with, medical treatment can also amount to deliberate indifference. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 1996); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, (9th Cir. 1997) (en banc); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Where the prisoner is alleging that delay of medical treatment evinces deliberate indifference, however, the prisoner must show that the delay led to further injury. *See Hallett*, 296 F.3d at 745-46; *McGuckin*, 974 F.2d at 1060; *Shapley v. Nev. Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam). Plaintiff states an Eighth Amendment medical claim against defendants.

## III. Conclusion

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (docket #1) without having to prepay the full filing fee is **GRANTED**; plaintiff shall not be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996, the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Michael William Hart, **Inmate No. 68350** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act of 1996.

**IT IS FURTHER ORDERED** that the Clerk shall **FILE** the complaint (docket #1-1).

**IT IS FURTHER ORDERED** that plaintiff's complaint **MAY PROCEED**.

**IT IS FURTHER ORDERED** as follows:

1. The Clerk **shall electronically serve a copy of this order, including the attached Notice of Intent to Proceed with Mediation form, along with a copy of plaintiff's complaint, on the Office of the Attorney General of the State of Nevada, to the attention of Pamela Sharp.**

2. The Attorney General's Office shall advise the Court within **twenty-one (21) days** of the date of entry of this order whether it can accept service of process for the named defendants. As to any of

the named defendants for which the Attorney General's Office cannot accept service, the Office shall file, *under seal*, the last known address(es) of those defendant(s).

3. If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for said defendant(s). Plaintiff is reminded that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days of the date the complaint was filed.

4. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30) days** following the date of the early inmate mediation. If the court declines to mediate this case, an answer or other response shall be due within **thirty (30) days** following the order declining mediation.

5. The parties **SHALL DETACH, COMPLETE, AND FILE** the attached Notice of Intent to Proceed with Mediation form on or before **thirty (30) days** from the date of entry of this order.

**IT IS FURTHER ORDERED** that the Clerk shall electronically serve plaintiff's motion for preliminary injunction (docket #3) on defendants. Defendants shall file and serve a response to such motion within **thirty (30) days** following the date of the early inmate mediation. If the court declines to mediate this case, the response shall be due within **thirty (30) days** following the order declining mediation.

**IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants, or, if an appearance has been made by counsel, upon their attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the Court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for defendants. If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated

6

therein. The Court may disregard any paper received by a district judge or a magistrate judge that has not been filed with the Clerk, and any paper which fails to include a certificate showing proper service.

DATED: January 12, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

```
_____
Name
_____
Prison Number
_____
Address
_____

_____
```

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| _____, ) | Case No. _____ |
|---|---|
| Plaintiff, ) | |
| ) | |
| v. ) | **NOTICE OF INTENT TO** |
| ) | **PROCEED WITH MEDIATION** |
| _____ ) | |
| ) | |
| Defendants. ) | |

     This case may be referred to the District of Nevada's early inmate mediation program. The purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.

1.   Do you wish to proceed to early mediation in this case? ____ Yes ____ No

2.   If no, please state the reason(s) you do not wish to proceed with mediation? _____

_____

_____

_____

3.   List any and all cases, including the case number, that plaintiff has filed in federal or state court in the last five years and the nature of each case. (Attach additional pages if needed).

_____

_____

_____

4.   List any and all cases, including the case number, that are currently pending or any pending

grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

_____

_____

_____

5.  Are there any other comments you would like to express to the court about whether this case is suitable for mediation. You may include a brief statement as to why you believe this case is suitable for mediation. (Attach additional pages if needed).

_____

_____

_____

_____

**This form shall be filed with the Clerk of the Court on or before thirty (30) days from the date of this order.**

Counsel for defendants: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this ____ day of _____, 20____.

_____
Signature

_____
Name of person who prepared or
helped prepare this document